IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JONATHAN A. HARGETT, )
)
        Plaintiff, )
)
v. ) 1:23CV588
)
RODERICK VIRGIL, et al., )
)
        Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee in the Hoke County Detention Center, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that the Court cannot further process it. For the reasons that follow, Plaintiff's claims are simply too conclusory and unclear to proceed.

The Complaint appears to name one Defendant, Sheriff Roderick Virgil, mainly on the basis of his position as a supervisor. However, theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). The Complaint does state that Defendant Virgil must have know of the conditions and events set out in the Complaint because Plaintiff wrote him letters and Plaintiff's wife placed telephone calls. However, the Complaint does not allege that Defendant Virgil actually read the letters or received the calls, only that if he is not aware of the events in the Complaint, it is because his staff did not inform him. Defendant Virgil cannot be held liable because his staff did not inform him of issues with

Plaintiff's detention. In any event, the Complaint also fails to disclose the specific contents of the calls and letters, so it is unclear whether or not it would state a claim for relief even if Defendant Virgil did receive them.

As for the other Defendants listed in the Complaint, it alleges more direct involvement, but is still unclear as to the facts related to that involvement. For instance, it claims that Defendants ignored Plaintiff's "judgments," but it does not describe the judgments or explain how Defendants allegedly ignored them. More importantly, it appears that Plaintiff is attempting to have his time in custody reduced through these allegations. If so, this is not a proper claim under § 1983, but would instead need to be raised in a petition for a writ of habeas corpus after Plaintiff exhausts all available remedies in the state courts.

The Complaint also contains accusations that Defendants denied Plaintiff legal paperwork or documents or refused to provide him with copies of certain forms or statutes. However, it provides no context related to the nature of the papers, forms, or statutes and does not explain why Plaintiff needed them. It is therefore, not clear as to whether Plaintiff was constitutionally entitled to them or whether he was harmed by the alleged failures to provide them. Plaintiff may intend to raise a claim that Defendants denied him access to the courts. If so, Plaintiff must allege facts demonstrating that the Defendants' actions denied him access to the courts by actually depriving him of the ability to pursue nonfrivolous claims. See Jackson v. Wiley, 352 F. Supp. 2d 666, 679-80 (E.D. Va.) (citing Lewis v. Casey, 518 U.S. 343 354-55 (1996)), aff'd, 103 F. App'x 505 (4th Cir. 2004). THe Complaint does not include facts establishing such a claim.

A number of the allegations in the Complaint center around the grievance system at the Hoke County Detention Center. It is not clear what type of claim Plaintiff intends to raise with these allegations, but there is no substantive due process right to a prison grievance procedure. Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (no substantive right to a grievance procedure); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (no right to any grievance procedure or to access any procedure voluntarily created by the State). Therefore, Defendants' handling of the grievance process did not violate Plaintiff's federal constitutional rights.

The Complaint also raises a claim that Plaintiff did not receive proper medical care because he was not provided certain medications. Neither medical negligence, see Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999), nor mere disagreement with medical treatment, see Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975)), is enough to state a claim under § 1983. Instead, Plaintiff must set out facts showing deliberate indifference to his serious medical needs. The Complaint does not contain any facts describing the Plaintiff's exact needs, Plaintiff's specific attempts at treatment, or Defendants' involvement in that treatment or the lack of treatment beyond unexplained statements that one Defendant, Amy Collins, said certain medications were against policy and that she knew of the lack of treatment but did nothing. It also alleges that she did not move inmates testing positive for Covid-19 out of Plaintiff's cell. However, it does not allege any harm from this incident.

-3-

Case 1:23-cv-00588-WO-LPA    Document 4    Filed 07/25/23    Page 3 of 5

Finally, the Complaint contains other allegations that are even less clear. It accuses multiple Defendants of not removing Plaintiff from segregated confinement at his request or not approving transfers, but it contains no facts constitutionally entitling Plaintiff to such changes. He is not entitled to them simply because he requests them. It also contains allegations that Defendants called Plaintiff names, lied to or threatened his wife, or argued with Plaintiff. Name calling, lying, and arguing are not violations of federal law. Also, Plaintiff cannot raise claims on behalf of other persons, including his wife. There is also an allegation that Defendant Collins failed to note on Plaintiff's paperwork that he was to be separated form another inmate. The Complaint again includes no further facts and does not allege any harm to Plaintiff.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 25th day of July, 2023.

                                                      /s/ L. Patrick Auld
                                                     **L. Patrick Auld**
                                     **United States Magistrate Judge**